**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| THE LINCOLN ELECTRIC COMPANY, LINCOLN GLOBAL, INC.<br><br>*Plaintiffs*,<br><br>*v.*<br><br>K.I.W.O.T.O., Inc., aka ROD GUARD<br><br>*Defendant.* | Civil Action No. _____<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiffs The Lincoln Electric Company ("Lincoln Electric") and Lincoln Global, Inc. ("Lincoln Global") (collectively, "Lincoln" or "Plaintiffs") bring this action to recover for the damage caused by, and to prevent further damage arising from, Defendant K.I.W.O.T.O., INC.'s (aka "Rod Guard") unlawful use of Lincoln's trademarks. Defendant's unlawful use of Lincoln's trademarks gives rise to claims which Lincoln asserts in this Complaint including: (1) trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin and false description and representation under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) false advertising under § 4165.02 et seq. of the Ohio Revised Code; (5) trademark dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (6) unfair competition under § 4165.02 et seq. of the Ohio Revised Code; and (7) common law unfair competition. Lincoln, for its Complaint against Defendant, alleges by and through its attorneys as follows:

## PARTIES

1. Lincoln Global is a corporation organized and existing under the laws of Delaware, with a principal place of business at 17721 Railroad Street, City of Industry, CA 91748. Lincoln Global is a wholly owned subsidiary of Lincoln Electric Holdings, Inc. Lincoln Global possesses extensive technical information and know-how relating to the development, manufacture and sale of welding products and supplies and is the owner of a large portfolio of intellectual property, including certain trademarks, trademark applications and trade dress relating to welding products.

2. Lincoln Electric is a sister company of Lincoln Global and is a corporation organized and existing under the laws of Ohio. Lincoln Electric has a principal place of business at 22801 St. Clair Ave., Cleveland, OH 44117. Lincoln Electric is a wholly owned subsidiary of Lincoln Electric Holdings, Inc. Lincoln Electric designs, develops, manufactures, and sells welding products and accessories in the United States, including in the State of Ohio and this judicial district. Lincoln Electric is the exclusive licensee in the United States of Lincoln Global trademarks.

3. On information and belief, Defendant is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business at 4832 North Street Benton Harbor, MI 49022-9230.

## JURISDICTION AND VENUE

4. This is an action arising under at least the trademark laws of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over the Defendant pursuant to the provisions of the Ohio Long Arm Statute, O.R.C. § 2307.382, and the laws of the United States. On information and belief, Defendant maintains a distribution network throughout the United States, for offering for sale, selling and distributing products in and throughout the Northern District of Ohio, including welding and cutting products, that infringe trademarks that are the subject of at least U.S. Trademark Registration Nos. 509,777; 745,721; 2,350,082; 2,420,805; 3,114,157; 3,200,963; 3,297,542; and 3,359,650 (collectively, "the Lincoln Trademarks"). Defendant's actions as alleged in this Complaint have caused, and continue to cause, tortious injury to Lincoln and has enabled Defendant to wrongfully derive substantial revenue from activities within the State of Ohio and within this judicial district. Upon information and belief, Defendant derives substantial revenue from its unlawful activities within the State of Ohio and this judicial district, and has sold a substantial amount of products into the State of Ohio and this judicial district, either directly or through third parties, including certain welding products that infringe the Lincoln Trademarks.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

**FACTUAL ALLEGATIONS AND BACKGROUND**

7. Lincoln is the world leader in the design, development and manufacture of welders, welding guns, welding power sources, welding consumables, plasma cutting systems and cutting torches, among other things. Lincoln has been using the Lincoln Trademarks on its products for many years. As a result of the Lincoln's efforts over the years, Lincoln is the leading supplier of welding and cutting products in the world, selling to all categories of consumers, including industrial, professional and amateur welders and fabricators. Consumers have come to associate the Lincoln Trademarks with Lincoln and its products.

8. Due to this association, Lincoln, which greatly values its intellectual property, applied for and received the Lincoln Trademarks for "Lincoln" and "Lincoln Electric" as used on electric arc welders, accessories, and distributorship services under Section 2(f) of the Lanham Act. The Lincoln Trademarks include at least the following trademarks. U.S. Trademark Registration No. 509,777 was duly and lawfully registered on May 10, 1949. A true and correct copy of the registration for this trademark registration is attached hereto as Exhibit A. U.S. Trademark Registration No. 745,721 was duly and lawfully registered on February 26, 1963. A true and correct copy of the registration for this trademark registration is attached hereto as Exhibit B. U.S. Trademark Registration No. 2,350,082 was duly and lawfully registered on May 16, 2000. A true and correct copy of the registration for this trademark registration is attached hereto as Exhibit C. U.S. Trademark Registration No. 2,420,805 was duly and lawfully registered on January 16, 2001. A true and correct copy of the registration for this trademark registration is attached hereto as Exhibit D. U.S. Trademark Registration No. 3,114,157 was duly and lawfully registered on July 11, 2006. A true and correct copy of the registration for this trademark registration is attached hereto as Exhibit E. U.S. Trademark Registration No. 3,200,963 was duly and lawfully registered on January 23, 2007. A true and correct copy of the registration for this trademark registration is attached hereto as Exhibit F. U.S. Trademark Registration No. 3,297,542 was duly and lawfully registered on September 25, 2007. A true and correct copy of the registration for this trademark registration is attached hereto as Exhibit G. U.S. Trademark Registration No. 3,359,650 was duly and lawfully registered on December 25, 2007. A true and correct copy of the registration for this trademark registration is attached hereto as Exhibit H. Lincoln is the owner of all right, title and interest in the Lincoln

Trademarks, and Lincoln Electric is the exclusive licensee thereto, and together they have the right to sue and recover damages for infringement of this mark.

9. Lincoln has expended substantial sums of money and time in the development, advertising, and promotion of the Lincoln Trademarks. As a result, the Lincoln Trademarks have achieved enormous recognition and corresponding good will within the welding, cutting, construction and repair industries and has come to be recognized and relied on by the trade as identifying products originating exclusively with Lincoln and of a very high quality. The Lincoln brand is recognized as one of the leading brands in the industry. The Lincoln Trademarks are strong and famous marks.

10. Through its extensive advertising campaigns and through its production and sale of consistently high quality welding industry products, Lincoln has established the Lincoln Trademarks as valuable, prominent and famous trademarks in the welding trade.

## DEFENDANT'S UNLAWFUL USE OF LINCOLN'S TRADEMARK

11. On information and belief, Defendant is selling through its website www.rodguards.net, and its nationwide distribution chain, canisters and accessories to store welding electrodes, rods and filler metals ("infringing products") which are marked and marketed as "Lincoln Cannisters." A copy of a Defendant's website offering the infringing products is attached as Exhibit I. A copy of Defendant' distribution chain obtained from the website is attached as Exhibit J.

12. Lincoln has never and does not now sponsor, endorse, authorize or permit Defendant's use of the Lincoln Trademarks.

13. On information and belief, Defendant had knowledge and notice of the Lincoln Trademarks and Lincoln's rights, goodwill, and valuable reputation in and to the Lincoln

Trademarks. Despite having this knowledge and without authorization, Defendant has used and continues to use the Lincoln Trademarks for the purpose of taking advantage of Lincoln's goodwill and valuable reputation in the mark, and to convey that its products are made of the same high quality and standards associated with products made and sold by Lincoln. By using the Lincoln Trademarks, Defendant is creating a belief in the public that it and its products are associated with Lincoln and is therefore misappropriating Lincoln's goodwill and reputation.

14. Defendant's actions are willful, wanton, and in deliberate disregard of Lincoln's rights, and are done to cause confusion, and make this an exceptional case.

15. Lincoln has been and will continue to be irreparably harmed by Defendant's illegal and unauthorized use of the Lincoln Trademarks and by Defendant's acts of infringement, dilution, false advertising and unfair competition.

16. Lincoln has no adequate remedy at law.

## COUNT I

**(Infringement of Federally Registered Trademark – 14 U.S.C. § 1114)**

17. Lincoln incorporates by reference the allegations set forth in the preceding paragraphs 1-16, as though fully set forth herein.

18. This claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of Lincoln's federally registered Lincoln Trademarks.

19. After the adoption, use and registration by Lincoln of the Lincoln Trademarks, Defendant adopted and began using the marks in commerce without the authorization of Lincoln. Defendant's conduct is willful and with full knowledge of Lincoln's prior use of and rights to the Lincoln Trademarks.

20. Defendant's use of the Lincoln Trademarks in connection with its welding products is a violation of Lincoln's rights and constitutes infringement of the Lincoln Trademarks, because such use is likely to cause confusion, mistake, and deception of consumers as to the source of Defendant's goods and services in light of the Lincoln Trademarks.

21. Defendant's acts have been and are being committed with the intent and purpose of misappropriating the goodwill of Lincoln.

22. Lincoln has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of the Lincoln Trademarks. In particular, because of Lincoln's inability to regulate either the conditions of the products sold or the advertisements of Defendant, Defendant's unauthorized use of Lincoln's mark will cause injury to the valuable reputation and goodwill Lincoln has developed in these trademarks.

23. As a direct and proximate result of Defendant's violation of Lincoln's trademark rights, Lincoln has been damaged by a loss of profits and sales. Further, Defendant has benefited by its continued unauthorized use of the Lincoln Trademarks, thereby realizing profits and sales it would not otherwise have obtained. Lincoln has also incurred attorneys' fees and costs to bring the present action.

24. Defendant is now committing the acts alleged above and has refused to cease committing those acts after due notice of Lincoln's rights. Unless Defendant is enjoined from continuing its wrongful acts, Lincoln will continue to be immediately and irreparably harmed.

25. Lincoln has no adequate remedy at law, and the balance of the equities favors Lincoln.

## COUNT II

### (False Designation of Origin – 15 U.S.C. §1125(a)(1)(A))

26. Lincoln incorporates by reference the allegations set forth in the preceding paragraphs 1-25, as though fully set forth herein.

27. This Count arises under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act, for false designation, description, and representation of goods and services as to their nature and origin.

28. After the adoption, use and registration by Lincoln of the Lincoln Trademarks, Defendant adopted the Lincoln Trademarks in connection with the sale of similar goods and services.

29. The marks adopted by Defendant are Lincoln's trademarks, and the use of these trademarks by Defendant is likely to cause confusion, mistake and deceive customers.

30. Defendant is not authorized or licensed to use the Lincoln Trademarks. Despite these facts, Defendant has used and continues to use the Lincoln Trademarks in commerce in a manner likely to cause confusion or mistake as to the origin of its welding and cutting products. Because of Defendant's wrongful use of Lincoln's mark, Defendant is deceptively leading consumers to believe that Defendant's products originate with or are sponsored or otherwise approved by Lincoln, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. Defendant has committed, is now committing and will continue to commit the acts described above, because the Defendant has refused to cease committing those acts after due notice of Lincoln's rights, and will continue the same unless enjoined by this Court.

32. Defendant is intentionally and willfully deceiving the public while depriving Lincoln of the sales and profits it would otherwise obtain, and Defendant has irreparably damaged the valuable reputation and goodwill of Lincoln and the Lincoln Trademarks.

33. Lincoln has no adequate remedy at law, and the balance of the equities favors Lincoln.

## COUNT III

### (False Advertising – 15 U.S.C. § 1125(a))

34. Lincoln incorporates by reference the allegations set forth in the preceding paragraphs 1-33, as though fully set forth herein.

35. Defendant's advertisements include literally false statements of fact regarding Defendant's products.

36. Defendant's advertisements also include statements of fact that are, even if true, misleading or confusing.

37. On information and belief, consumers have actually been misled by Defendant's false advertising.

38. Defendant has used and continues to use the Lincoln Trademarks in commerce in a manner likely to cause confusion or mistake as to the origin of its welding and cutting products. Defendant's wrongful use of Lincoln's Trademarks deceptively leads consumers to believe that Defendant's products originate with or are sponsored or otherwise approved by Lincoln, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Defendant has committed, is now committing and will continue to commit the acts described above, because the Defendant has refused to cease committing those acts after due notice of Lincoln's rights, and will continue the same unless enjoined by this Court.

40. Defendant is intentionally and willfully deceiving the public while depriving Lincoln of the sales and profits it would otherwise obtain, and Defendant has irreparably damaged the valuable reputation and goodwill of Lincoln and the Lincoln Trademarks.

41. Lincoln has no adequate remedy at law, and the balance of the equities favors Lincoln.

## COUNT IV

### (False Advertising – O.R.C. § 4165.02(A))

42. Lincoln incorporates by reference the allegations set forth in the preceding paragraphs 1-41, as though fully set forth herein.

43. Defendant's advertisements include literally false and misleading statements of fact regarding Defendant's products.

44. Defendant's advertisements also include statements of fact that are, even if true, misleading or confusing.

45. On information and belief, consumers have actually been misled by Defendant's false advertising.

46. Defendant has used and continues to use the Lincoln Trademarks in commerce in a manner likely to cause confusion or mistake as to the origin of its welding products. Defendant's wrongful use of Lincoln's Trademarks deceptively leads to the belief that Defendant's products originate with or are sponsored or otherwise approved by Lincoln, in violation of O.R.C. § 4165.02.

47. Defendant has committed, is now committing and will continue to commit the acts described above, because the Defendant has refused to cease committing those acts after due notice of Lincoln's rights, and will continue the same unless enjoined by this Court.

48. Defendant is intentionally and willfully deceiving the public while depriving Lincoln of the sales and profits it would otherwise obtain, and Defendant has irreparably damaged the valuable reputation and goodwill of Lincoln and the Lincoln Trademarks.

49. Lincoln has no adequate remedy at law, and the balance of the equities favors Lincoln.

## COUNT V

## (Dilution – 15 U.S.C. § 1125(c))

50. Lincoln incorporates by reference the allegations set forth in the preceding paragraphs 1-49, as though fully set forth herein.

51. This Count arises under 15 U.S.C. § 1125(c), Section 43(c) of the Lanham Act, for dilution of trademarks.

52. Subsequent to the adoption, use and registration by Lincoln of the Lincoln Trademarks, Defendant adopted the Lincoln Trademarks in connection with the sale of identical goods.

53. The Lincoln Trademarks are distinctive and famous. By adopting and using Lincoln's trademark in commerce, Defendant has diluted Lincoln's rights in and to the Lincoln Trademarks, in violation of Section 43(c).

54. Defendant's use of the Lincoln Trademarks blurs and tarnishes and thereby dilutes the Lincoln Trademarks.

55. Lincoln has no adequate remedy at law, and the balance of the equities favor Lincoln.

## COUNT VI

**(Unfair Competition – Ohio Revised Code § 4165.02 *et seq*.)**

56. Lincoln incorporates by reference the allegations set forth in the preceding paragraphs 1-55, as though fully set forth herein.

57. The acts and conduct of Defendant as alleged above constitute unfair competition as defined by Ohio Revised Code § 4165.02, et seq.

58. Defendant, among other things, is likely to cause or has caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services or confusion among customers and the public as to Lincoln's sponsorship, approval or certification of Defendant's competing products.

59. Defendant's conduct as alleged above has damaged and will continue to damage Lincoln's goodwill and reputation and has resulted in losses to Lincoln and an illicit gain of profit to Defendant in an amount that is unknown at the present time.

## COUNT VII

**(Common Law Unfair Competition)**

60. Lincoln incorporates by reference the allegations set forth in the preceding paragraphs 1-59, as though fully set forth herein.

61. Defendant's acts constitute unfair competition and misappropriation of Lincoln's name, business reputation and good will, under the common law of the State of Ohio.

62. Defendant's acts are intended to attract attention to Defendant's products and thereby gain a commercial advantage by attracting business by the use of Lincoln's goodwill.

63. Defendant's activities have caused and will cause irreparable harm, damage, and injury to Lincoln, for which Lincoln has no adequate remedy at law.

64. The activities of Defendant have damaged, are damaging, and will continue to damage Lincoln in an amount as yet undetermined.

## COUNT VIII

### (Attorneys' Fees)

65. Lincoln incorporates by reference the allegations set forth in the preceding paragraphs 1-64, as though fully set forth herein.

66. Lincoln is entitled to recover its attorneys' fees and expenses pursuant to 15 U.S.C. § 1117 because Defendant's infringement is malicious, fraudulent and deliberate.

## PRAYER FOR RELIEF

**WHEREFORE**, Lincoln prays for the following relief:

(a) That the Court issue a permanent injunction under Counts I, II, III, IV, V, VI, and VII including, but not limited to, an Order enjoining Defendant from using any trademarks or other proprietary marks, symbols, designs, or logos of Lincoln; (b) That within five (5) days from the date of such Order, Defendant must remove any exterior signs or advertisement containing the Lincoln Trademarks or any other proprietary mark of Lincoln from Defendant's places of business, and Defendant shall remove all other items used by Defendant in connection with the operation of its business which contain the Lincoln Trademarks or Lincoln's other proprietary marks and names, including but not limited to welding and cutting products, signs, pictures, advertisements and flyers, from Defendant's premises and placed in storage and be made available to Lincoln for inspection and destruction; (c) That Lincoln recovers its damages under Counts I, II, III, IV, V, VI and VII incurred as a result of Defendant's continued unauthorized use of the Lincoln Trademarks, including without limitation the revenues and profits received by Defendant from its use of such mark; (d) That Lincoln recovers under Count VIII its reasonable

attorneys' fees and expenses incurred in connection with bringing this action; (e) That all costs of this action be charged against Defendant; (f) Find Defendant's conduct to be willful and wanton; (g) Find this to be an exceptional case; and (h) That the Court grants such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a trial by jury on all issues so triable.

Dated this 2nd day of November, 2011

/s/ Michael J. Garvin
Michael J. Garvin (0025394)
e-mail: mjg@hahnlaw.com
Kevin M. Dunn (0079168)
e-mail: kdunn@hahnlaw.com
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216) 241-2824